IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT MARINO,

    Plaintiff,

v.                                              CV 12-0597 GBW/WPL

COUNTY OF SIERRA, et al.,

    Defendants.

**ORDER DENYING MOTION TO COMPEL**

Plaintiff Robert Marino moves to compel Defendants County of Sierra and Sheriff Joe E. Baca, Jr., to produce a written copy of an administrative hearing transcript. (Doc. 56.) Defendants object on the grounds that they have produced an audio recording of the hearing, and if Marino would like a transcript, he must pay to produce his own copy. (Doc. 57.) Having carefully considered the facts and the relevant law, I deny Marino's motion to compel.

New Mexico District Court Rule of Civil Procedure 1-074 governs procedure in administrative appeals.[1] The rule requires the agency to file a transcript of the administrative proceedings with the court, and "[i]f the transcript of the proceedings is an audio or a video recording, the agency shall prepare and file . . . a duplicate of the recording and index log." N.M. DIST. CT. R. C. P. 1-074(H)(4). The rule further states that "[a]ny party desiring a copy of the transcript of the proceedings shall be responsible for paying the cost, if any, of preparing such

---

[1] Although this matter is in federal court, Marino brings this motion pursuant to the New Mexico District Court Rules of Civil Procedure. (Doc. 56 at 2; Doc. 59 at 1-2.) Defendants rely on the same rules to argue in opposition to the motion. (Doc. 57.) These rules govern civil procedure in state district court, *see* N.M. DIST. CT. R. CIV. P. 1-001 (2012); United States District Courts use the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 1. I acknowledge that there is no comparable rule in the Federal Rules of Civil Procedure, so I will consider the merits of the arguments. However, I remind the parties that in the future they will be responsible for citing to appropriate legal authority.

copy." *Id*. While no federal rule is directly on point, the Federal Rules of Civil Procedure have a similar requirement for depositions and state that that parties must pay for their own transcripts of depositions. FED. R. CIV. P. 30(f)(3).

Marino argues that he is entitled to a free copy of the transcript produced by Defendants because he is entitled to a "transcript" of the hearing and "transcript" includes audio recordings and stenographic transcripts. (Doc. 56 at 2; Doc. 29 at 2-3.) This argument overlooks the plain language of Rule 1-074, which treats a "transcript" as an audio recording, a video recording, or a written transcription of the hearing. In the event that the "transcript" is an audio recording, Rule 1-074 requires that parties bear their own costs for producing written transcripts. Defendants provided a copy of the audio recording to Marino (Doc. 49); if Marino would like a written transcript, then he must pay to produce it. Accordingly, I deny Marino's motion to compel.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.