IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT MARINO,

    Plaintiff,

v.                                                      CV 12-0597 GBW/WPL

COUNTY OF SIERRA and
SHERIFF JOE E. BACA, J.R.
individually and in his official
capacity as Sheriff of the County
of Sierra,

    Defendants.

**<u>ORDER DENYING APPEAL</u>**

This matter is before the Court on Plaintiff's request for statutory review by direct appeal ("Appeal"). *Doc. 73*. Having reviewed the accompanying briefing (*docs. 74 & 76*) and considered the parties' oral argument (*doc. 81*), and being fully advised, the Court will DENY Plaintiff's Appeal.

**I.**     **FACTUAL BACKGROUND**

Appellant Robert Marino was employed as a deputy sheriff for Sierra County from May 8, 2008, to March 1, 2012. *Doc. 20* ¶¶ 10, 36; *Doc. 73* at 3, 7. Defendant Joe Baca became Sheriff of Sierra County on January 1, 2012. *Doc. 20* ¶ 12; *Doc. 73* at 3. On approximately February 2, 2012, Marino became aware that Baca promoted an individual in violation of Sierra County employment policy. *Doc 20* ¶ 13; *Doc. 73* at 4. Marino reported the violation to Sierra County Human Resources and the promotion

was rescinded. *Doc. 20* ¶¶ 15-16. Marino asserts that Baca was aware of his actions. *Id.* ¶ 17.

On February 5, 2012 (Super Bowl Sunday), Marino, in his capacity as a field training officer, was assigned a new deputy sheriff, Deputy Ohst. *Id.* ¶¶ 18-19; *Doc. 73* at 4. Marino decided to take Deputy Ohst to Monticello Box Canyon to show him some of the remote areas of Sierra County. *Id.* ¶¶ 20-26. Because this area was out of radio range, Marino notified Sierra County Dispatch that he would be out of communication for a period of time. *Id.* ¶ 21. While in the canyon, Marino drove his vehicle into a pool of waterwhere it became stuck and it took several hours to remove the unit, leading Marino to be out of radio communication for approximately five hours. *Id.* ¶¶ 28-32. The unit was ultimately deemed a total loss. Record Proper (RP) at 610.

On February 6, 2012, Baca ordered an internal investigation of the events of February 5, 2012. *Doc. 20* ¶ 34. Based on this investigation, Baca communicated his intent to terminate Marino on March 1, 2012. *Id.* ¶¶ 34-36. Marino challenged the termination in a predetermination hearing held on March 22, 2012. *Id.* ¶ 38; RP at 288 His challenge was denied and Marino was terminated. *Id.* ¶ 39; RP at 288.

II. **PROCEDURAL BACKGROUND**

Pursuant to Sierra County Personnel Ordinance § 8 (RP at 245), Appellant pursued his right to have a post-determination grievance hearing. A hearing was held

on April 25, 2012.  *Id.* at 217.  After the post-determination hearing, Marino's termination was upheld. *Doc. 20* ¶¶ 41-43; RP at 217-19.

Marino filed his original complaint on June 1, 2012, *doc. 1*, and an amended complaint on November 28, 2012, *doc. 20.*  In Count I, titled "Direct Appeal of Adverse Administrative Decision", Marino argues that Sierra County Personnel Ordinance § 8.11 and New Mexico Rule of Civil Procedure for the District Courts 1-074(C) permit an appeal of the post-determination administrative proceeding to this Court.  *Doc. 20* ¶¶ 45-49.

At a status conference on January 23, 2013, Judge Lynch ordered the parties to brief the administrative appeal.  *Docs. 67, 68.*  The appeal was fully briefed on April 8, 2013, and the Court held a hearing on the matter on May 21, 2013.  *See docs. 73, 74, 76, 81.*  At the hearing, the parties agreed that (1) the post-determination hearing officer conducts a *de novo* review of the termination, and (2) this Court reviews that officer's decision under the applicable appellate standard.  *Doc. 81.*

### III.   ISSUES ON APPEAL

1.   Whether the post-determination administrative hearing judge's (AHJ) decision was arbitrary, capricious, and violated the procedural hearing requirements and Appellant's constitutional and statutory rights;

2.   Whether the AHJ erred in finding that there was substantial evidence to support Appellees' decision to terminate Appellant;

3

    3.      Whether the AHJ erred in excusing the lack of progressive discipline ordinarily required by Sierra County Personnel Ordinance § 7.5

**IV.    STANDARD OF REVIEW**

A federal court may assert supplemental jurisdiction over the appeal of a state administrative determination. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165-67 (1997). New Mexico Rule of Civil Procedure for the District Courts 1-074(R) provides that when reviewing a state agency's administrative determination, the court may apply four different standards of review: "(1) whether the agency acted fraudulently, arbitrarily or capriciously; (2) whether based upon the whole record on appeal, the decision of the agency is not supported by substantial evidence; (3) whether the action of the agency was outside the scope of authority of the agency; or (4) whether the action of the agency was otherwise not in accordance with law." N.M. R. Civ. P. Dist. Cts. 1-074(R).

Here, Appellant has asserted that the first standard of review should apply to the first issue asserted on appeal, and the second standard of review should apply to the remaining two issues. "Arbitrary and capricious action by an administrative agency consists of a ruling or conduct which, when viewed in light of the whole record, is unreasonable or does not have a rational basis, and is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the winnowing and sifting process." *Perkins v. Dep't. of Human Serv.*, 748 P.2d 24, 28 (N.M. Ct. App. 1987) (citation

4

and internal quotation marks omitted). "Substantial evidence supporting administrative agency action is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gallup Westside Dev., LLC v. City of Gallup*, 84 P.3d 78, 82 (N.M. Ct. App. 2003).

V.  **ANALYSIS**

   A.  **The AHJ's Decision to Exclude Evidence of Retaliation Did Not Render Her Findings Arbitrary or Capricious**

Appellant argues that AHJ abused her discretion (*i.e.,* acted arbitrarily and/or capriciously) in failing to allow him present evidence of retaliatory discharge at the post-determination hearing. *Doc. 73* at 8. Specifically, Appellant contends that the AHJ did not allow him (1) to introduce evidence of his "whistleblowing" activity in raising the issue of Appellee Baca's improper promotion; and (2) to cross-examine witnesses on the issue of retaliation. *Id.* at 8-12. At the hearing, Appellant concedes that these arguments are the same because the only evidence of the "whistleblowing" that he sought to introduce was in the form of cross-examination of certain witnesses. *Doc. 81.* Appellees argue that the AHJ did not abuse her discretion in failing to allow cross-examination on retaliation because (1) Appellant had not notified the AHJ of his intention to do so prior to the hearing and (2) at the hearing, when the AHJ denied Appellant's attempts to raise retaliation, Appellant failed to make a proffer as to relevance. *Doc. 74* at 6-19.

In assessing whether the AHJ's decision is arbitrary or capricious the appellate court "is to review the record to determine whether there has been unreasoned action without proper consideration in disregard for the facts and circumstances. Where there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though another conclusion might have been reached." *Perkins*, 748 P.2d at 28 (citations and quotations omitted).

### 1.   *Appellant preserved the retaliation issue for appeal*

Appellees argue that because of Appellant's failures to make a proffer as to the specific facts that the cross-examination would elucidate and the evidence to be introduced during cross, Appellant has not preserved this issue for appeal. *Doc. 74* at 13-14. It does not appear, however, that an explicit *factual* proffer is required to preserve the issue for appeal under either the procedural rules surrounding this hearing (*see* RP at 245-48) or New Mexico law. "For the exclusion of the evidence to be error, the substance of the evidence must be made known to the trial court by offer or **must be apparent from the context in which questions were asked**." *Nichols Corp. v. Bill Stuckman Const., Inc.*, 728 P.2d 447, 449 (N.M. 1986) (emphasis added); *see also State v. Urioste*, 617 P.2d 156, 159 (N.M. Ct. App. 1980).

Based on Appellant's attorney Mr. Beauvais' statements during the cross-examinations of the Sierra County Human Resources Director and Sheriff Baca (RP at

6

628-31, 701), the substance of the evidence Appellant sought to elicit via cross-examination was sufficiently apparent to satisfy the proffer standard.

### 2. *The AHJ's refusal to consider evidence of alleged retaliation does not render her decision arbitrary or capricious*

Having determined that Appellant sufficiently preserved this issue for appeal, the Court turns to the merits of the exclusion of Appellant's "whistleblower" evidence and retaliation defense. Appellant contends that his inability to present this evidence constitutes reversible error by the AHJ. Under New Mexico law, "an administrative ruling is arbitrary and capricious if it is unreasonable or without a rational basis, when viewed in light of the whole record." *Selmeczki v. N.M. Dep't of Corr.*, 129 P.3d 158, 162 (N.M. Ct. App. 2006) (quotation omitted).

In her decision, the AHJ explained that she had excluded the information about retaliation and "whistleblowing" because she did not believe it was "appropriate". RP at 217. She did not provide further explanation as to her determination. She went on to find that Appellant had exercised "poor judgment" in going to the box canyon, and behaved deceptively in several different instances immediately after the accident. *Id*. at 218-19. In light of her findings, and considering the amount of damage Appellant caused to police property, the AHJ determined that Appellant's termination was warranted. *Id*. at 219.

The fundamental defect with Appellant's argument is that, based upon the nature of the AHJ's review, it does not appear that the subjective motivations of the

7

Sheriff would be relevant. At the hearing, both counsel agreed that the AHJ is tasked with conducting a *de novo* review of whether the termination was appropriate under the circumstances. *Doc. 81.* While the regulations are less than clear on this point, this position is likely the best interpretation of the AHJ's role given their authority to "uphold, modify or reverse the decision of the County Manager, and may reinstate the employee and reward backpay and benefits." RP at 248. So, the AHJ is not reviewing the Sheriff's decision with some degree of deference but is instead making her own independent decision about the appropriate punishment given the alleged misconduct. Put another way, the AHJ is tasked with deciding what she thinks should be done, not ruling on the propriety of the Sheriff's decision. Given the nature of this review, it is not clear how the allegedly improper motive by the Sheriff should be relevant to the AHJ's decision. Even if there is some circumstance where an improper motive down the decision making chain would be relevant in a post-termination hearing, it was certainly not arbitrary or capricious to exclude it in this case especially given Appellant's less-than-clear argument for relevance before the AHJ.

Given that the exclusion of the cross-examination was not arbitrary or capricious, the Court next turns to whether the record supports the AHJ's conclusion that termination was the appropriate sanction for Appellant's conduct.

    **B.**    <u>**There Was Substantial Evidence to Support Appellant's Termination**</u>

Citing the record made at the predetermination hearing, Appellant contends the AHJ wrongfully concluded that there is substantial evidence to support Appellees' decision to terminate him. *Doc. 73* at 12-16. Specifically, Appellant contends that Appellees' reasons for firing Appellant were either specious (such as the fact that Marino left Sierra County without permission and disobeyed a direct order by going to an area of the County that was outside his radio range) or contradicted by testimony in the predetermination hearing (such as Marino missing other service calls while out of range and the destruction of the police vehicle resulting from negligence). Appellees contend that, in fact, the AHJ had ample evidence to support her finding that Appellant's termination was proper.

To determine whether the AHJ's conclusions were supported by substantial evidence, the appellate court must conduct a "whole record review." *Perkins*, 748 P.2d at 27. The appellate court reviews the evidence "in the light most favorable to the [administrative body] while also considering contravening evidence. . . . [W]e may only evaluate whether the record supports the result reached, not whether a different result could have been reached. Substantial evidence supporting administrative agency action is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gallup Westside Dev.*, 84 P.3d at 82 (citations omitted).

A review of the record shows such substantial evidence which included:

1. The findings of fact and conclusions of law from the predetermination hearing indicating the disciplinary reasons for which Appellant was terminated. These were submitted into evidence at the post determination hearing. *Id*. at 86-87 (admitted in the post determination hearing at RP 592-95 as Exhibit 2).

2. The record of the investigation of the accident by Sierra County Sheriff's Department Lieutenant Glenn Hamilton. *Id*. at 646.

3. A Power Point presentation of the accident investigation prepared by Lieutenant Hamilton. *Id*. at 16-59).

4. Janette Monsibaiz, Human Resources Director for Sierra County, testified that (1) a violation of the County Vehicle Accident Prevention Policy could result in termination (*Id*. at 599); (2) that the vehicle Appellant had damaged was valued at $29,000 and had ultimately been deemed a total loss (*Id*. at 610); and (3) termination was appropriate based on the damage caused to the official vehicle and Appellant's conduct after the accident (*Id*. at 611-12).

5. Lieutenant Hamilton, who investigated the accident, testified that (1) Appellant reported the accident and that he was responsible for it (*Id*. at 651) and (2) Appellant was notified that there were outstanding calls to the police department at the time of the accident to which Appellant could not respond because he was out of radio contact (*Id*. at 652); (3) Appellant did not, in his initial communication of the accident at 3:21 p.m. on February 5, 2012, identify the event as an accident or request that his

supervisor or the sheriff be notified of the accident (*Id*. at 653, 661-62); and (4) Appellant stated in one communication to Dispatch that he did not want to "go official" with the report of the accident (*Id*. at 667).

The AHJ specifically pointed to eleven facts on which she based her ruling, such as Appellant's failure to follow procedure in notifying a supervisor about the accident immediately, being outside of Sierra County without permission, and Appellant's potentially deceptive behavior when reporting the accident to Dispatch. RP at 218. While there was potentially countervailing evidence, such as the state police investigation of the accident that did not assign Appellant fault for the accident[1] (*see id*. at 666), this evidence does not disturb the weight of the evidence supporting the AHJ's decision. Because a review of the record shows that there was substantial evidence behind the AHJ's ruling, this Court will uphold it.

    **C.**     <u>**There is Substantial Evidence to Support the Determination that Sierra County Was Permitted to Terminate Appellant Without Progressive Discipline**</u>

Appellant's final contention is that there was not substantial evidence to justify his termination without first receiving progressive discipline. *Doc. 73* at 16-17. He contends he was improperly terminated when in fact he should have been subject to an initial lower level disciplinary penalty per Sierra County Personnel Ordinance § 7.5 (RP at 241) because of his satisfactory past performance record. Appellees point out that

---

[1] The state police report did not exonerate Appellant—it simply did not assign fault for the accident. RP at 666-67.

progressive discipline is not a binding requirement where the violation committed by the employee is sufficiently egregious. *Doc. 74* at 20.

Sierra County Personnel Ordinance § 7.10 explains that dismissal is appropriate either where progressive discipline has not been successful or when "the employee has engaged in other behavior that is of a serious nature that is unacceptable for County employees." RP at 243-244. The policy goes on to list several examples of behavior that would warrant dismissal without progressive discipline and notes at § 7.11 that the list is not exhaustive. *Id*. at 244.

As the AHJ explained in her ruling "[Appellant] is suspect for credibility and the damage he created while not intentioned . . . was ignored and procedure not followed. . . . [T]he County was correct in their action to terminate immediately." *Id*. at 219 (original wording). Based on the contents of §§ 7.10-7.11 of the Personnel Ordinance and the evidence presented at the hearing, particularly the testimony of Ms. Monsibaiz as to the propriety of Appellant's termination, this Court concludes that the AHJ had substantial evidence on which to reach her conclusion that Appellant's termination without progressive discipline was proper.

V.   **CONCLUSION**

Appellant presented three issues for review, the first of which is reviewed under an "arbitrary and capricious" standard, and fails because there is a rational basis on which to sustain the AHJ's decision. The remaining two issues are reviewed under a

"substantial evidence" standard and also fail because there is substantial evidence to support the AHJ's decision. The appeal is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**