# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT MARINO,

       Plaintiff,

v.                                      CV 12-0597 GBW/WPL

COUNTY OF SIERRA, et al.,

       Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR SANCTIONS AND TO EXTEND DISCOVERY

This matter is before me on Plaintiff Robert Marino's motion for discovery sanctions and to extend discovery deadlines. (Doc. 82; Doc. 83.) Marino accuses defense counsel of intentionally withholding information and failing to supplement discovery responses. (Doc. 83.) Defense counsel vehemently denies these allegations, but she clarifies that Defendants County of Sierra and Sheriff Joe Baca, Jr. do not oppose Marino's request to extend discovery. (Doc. 89.) Having considered the facts and relevant law, I grant the motion in so far as it requests an extension of deadlines and deny it insofar as it requests sanctions.

### FACTUAL AND PROCEDURAL BACKGROUND

Marino filed this lawsuit alleging violations of due process and the New Mexico Whistleblower Protection Act. (Doc. 1; Doc. 20.) He claims that Baca violated the Sierra County Personnel Policy when he filled a job vacancy without first posting the job publicly so that others could apply for the position. (Doc. 20 at 3.) As a result, a Sheriff's Deputy was allegedly denied a promotion opportunity because he could not compete for the job. (*Id.*) Marino contacted the Sierra County Human Resources Administrator about the violation in good faith, and Baca was

subsequently ordered to withdraw the promotion. (*Id.* at 4, 12.) Marino claims that Baca blamed

him for this "embarrassment" (*id.* at 4), and he concludes that his eventual termination by Baca

was pretextual and in retaliation for complaining about the policy violation (*id.* at 13). These

allegations were contained in paragraphs 13, 14, 15, 16, 17, 74, and 75 of Marino's amended

complaint. (Doc. 20 at 3-4, 12-13.) Defendants either denied these allegations or stated they were

"without sufficient information or knowledge to form a belief as to the truth of the allegations."

(Doc. 68 at 3-4, 9.)

On November 13, 2012, I issued a Scheduling Order in this matter which set various

pretrial deadlines and adopted the parties' Joint Status Report ("JSR"). (Doc. 18.) Included in the

adopted JSR was the provision that the parties would supplement any discovery within thirty

days from the receipt of discoverable information. (Doc. 14 at 11.) On November 28, 2012,

Marino served its first set of interrogatories on Defendants, and Defendants served their answers

on January 15, 2013. (Doc. 82 at 2.) Defendants objected to a number of the interrogatories on

the ground that Marino posed contention interrogatories.[1] (Doc. 83 Ex. 1; Doc. 89 at 17.) Marino

did not file a motion to compel full responses after receipt of Defendants' answers.

On May 24, 2013, prior to the scheduled deposition of Lieutenant Hamilton and Janette

Monsibaiz, defense counsel disclosed to Plaintiff's counsel that the substance of Hamilton's

testimony had "expanded." (Doc. 89 at 2.) Two days prior, during a pre-deposition interview,

Hamilton disclosed to defense counsel that he attended a promotion ceremony for the job at issue

---

[1] "Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citations omitted). When used to "systematically track all of the allegations in an opposing party's pleadings" or "ask for 'each and every fact' and application of law to fact that supports the party's allegations," contention interrogatories are considered overly broad and unduly burdensome. *Id.*

a week before Marino had complained. (Doc. 83 at 2; Doc. 89 at 2.)[2] Plaintiff's counsel asked that Defendants supplement their discovery responses, and Defendants served supplemental answers on Marino a week later. (*Id.* at 2-3.) Due to the new information, the parties agreed to vacate the deposition of Hamilton and reset it for a week later so that Defendants would have time to provide written supplemental discovery. (*Id.* at 3-4.) Defendants paid for the court reporter for May 24, 2013, as a result of the delay. (*Id.*)

On May 29, 2013, Plaintiff's counsel contacted defense counsel and asked for concurrence in the motion for sanctions. (Doc. 89 at 4.) Defense counsel attempted to speak with Plaintiff's counsel regarding this motion several times but was unsuccessful, and Marino filed the motion for sanctions on May 31, 2013. (*Id.* at 5; Doc. 82.)

### STANDARD OF REVIEW

The failure to disclose information, supplement a response, or admit a fact can be a sanctionable offense. FED. R. CIV. P. 37(c). Under Rule 37, if a party does not supplement a discovery response, unless it is harmless or justified, the party is prohibited from using that evidence at trial, and the court may impose additional sanctions such as a fine or even dismissal. *Id.* Although some circuits have expressly held that only a party may be sanctioned under Rule 37, this circuit typically permits a court to sanction an attorney for a Rule 37(c) violation as well. *See Tom v. S.B., Inc.*, 280 F.R.D. 603, 612 (D.N.M. 2012) (comparing *Law v. NCAA*, 134 F.3d 1438, 1441 (10th Cir. 1998), and *Myers v. Colgate-Palmolive Co.*, 26 F. App'x 855, 862 (10th Cir. 2002) (unpublished), with *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 141 (3d

---

[2] Marino believes that Hamilton's testimony shows that Defendants knew of or should have known of Baca's allegedly "illegal" conduct, rendering their answer to the complaint false and misleading. (Doc. 83 at 2.) Defendants disagree to the substantive impact of this testimony and assert that they were unaware of Hamilton's testimony. (Doc. 89 at 2 n.1.)

Cir. 2009), *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003), and *Apex Oil Co. v. Belcher Co. of N.Y.*, 855 F.2d 1009, 1014 (2d Cir. 1988)). This interpretation is consistent with the Tenth Circuit's holding that "if the fault lies with the attorneys, that is where the impact of the sanction should be lodged." *In re Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984).

**DISCUSSION**

Marino requests that I impose an unspecified sanction on an unspecified person or entity in addition to extending the discovery deadlines.[3] Since Defendants do not oppose the extension of deadlines, I will grant the motion in part, but I deny the motion in part with respect to sanctions.

As a matter of basic logic, the failure to supplement discovery responses is sanctionable only when there is an actual failure to supplement. Despite Marino's characterization of the situation as deceitful and manipulative, I see no discovery violation. At the outset, I have considered the arguments raised in Marino's reply (Doc. 93 at 1-2), but I see nothing misleading about Defendants' answer. Defendants claim that they had no knowledge of Hamilton's testimony until his interview with defense counsel, and Marino offers no real evidence to the contrary.

As for the duty to supplement every thirty days, my Scheduling Order contained no such requirement. A party must supplement discovery within thirty days of learning new information. (Doc. 14 at 11; Doc. 18.) Defense counsel attests that she learned information about Hamilton's

---

[3] Marino does not specify if he wants me to sanction defense counsel or Defendants, although he implies that he would like me to sanction defense counsel. Likewise, he does not specify which sanction he would like me to impose.

testimony and disclosed this orally to Plaintiff's counsel within forty-eight hours. She sent supplemental written responses a week later. Her response was perfectly timely.[4]

Lastly, Marino has no proof for his bold accusation that defense counsel knew of the extent of Hamilton's knowledge but failed to disclose this information earlier. He flatly asserts that defense counsel must have known. (Doc. 93 at 1-2.) As Hamilton is not defense counsel's client, I cannot fault her for being unaware of the full breadth of his knowledge earlier in the litigation. Moreover, the early part of this case was focused on an appeal of an administrative decision, so counsel would have been considering transcripts, and not interviewing additional witnesses. (*See* Doc. 68.) The fact that defense counsel promptly informed Plaintiff's counsel of her discovery, was willing to reset the depositions, and has agreed to an extension of the discovery deadline further controverts Marino's assertions that she acted to manipulate the discovery process. Sanctions are not to be taken lightly, and I will not impose them in the absence of any real evidence of misconduct.

## CONCLUSION

For the aforementioned reasons, I deny the motion for sanctions in part. I will grant the motion in part with respect to the request for an extension of discovery, and I set the following deadlines:

| | |
|---|---|
| Termination of Discovery | August 8, 2013 |
| Discovery Motions | August 15, 2013 |
| Dispositive Motions | August 22, 2013 |

---

[4] Defendants correctly raise the fact that the JSR only requires them to supplement discovery within thirty days of learning new information in their response. (Doc. 89 at 1.) Marino's reply claims that this is a "disingenuous argument"; yet, he offers no authority that requires Defendants to supplement their response automatically every thirty days. Marino's argument is disingenuous. He cannot cry foul, but fail to identify the rules that were broken.

Pretrial Order: Plaintiff to Defendants          September 23, 2013

Pretrial Order: Defendants to Court              October 7, 2013

IT IS SO ORDERED.


_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.          6